IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **B.A.**, *a minor, by his parents and next friends* | * |
| | * |
| Plaintiff | * |
| | * |
| v. | * |
| | * Civil No.: PJM 10-1674 |
| **PRINCE GEORGE'S COUNTY, MARYLAND**, *et al.* | * |
| | * |
| Defendants | * |

## MEMORANDUM OPINION

Plaintiff B.A., a minor, by his parents and next friends, has sued Prince George's County, Maryland ("County"), the County Chief of Police, and several County police officers. In his Complaint, Plaintiff alleges that County officers unlawfully arrested, detained, and interrogated him on suspicion of the robbery of a pizza delivery man that occurred in Seat Pleasant, Maryland in April 2009.

Plaintiff originally filed his lawsuit in the Circuit Court for Prince George's County, and Defendants subsequently removed the action to this Court. Plaintiff has filed a Motion to Remand [Paper No. 13], in which he asks the Court to send the case back to state court on the grounds that this Court no longer has subject matter jurisdiction over the lawsuit.

For the reasons stated below, the Motion to Remand [Paper No. 13] is **GRANTED**, and this lawsuit shall be **REMANDED** to the Circuit Court for Prince George's County, Maryland.

### I.

In the original 11-count Complaint that Plaintiff filed in Circuit Court, in addition to nine state-law claims, he made two claims arising under federal law: (1) failure to train, supervise, and control in violation of the Fourth and Fourteenth Amendments to the United States

Constitution (Count VII); and (2) unreasonable search and seizure in violation of the Fourth Amendment to the United States Constitution (Count IX). Defendants removed the action to this Court, invoking the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331.[1]

Shortly after the case was removed to this Court, Defendants filed a Motion to Dismiss [Paper No. 7], in which they asked the Court to dismiss all 11 counts of Plaintiff's Complaint. Approximately two weeks later, on July 8, 2010, Plaintiff filed an Amended Complaint that omitted his federal claims. That same day, Plaintiff filed the instant Motion to Remand, in which he argues that, because his Amended Complaint no longer contains federal causes of action, the Court no longer has subject matter jurisdiction over the case.

In their Response to Plaintiff's Motion [Paper No. 14], Defendants appear to concede that remand is appropriate. They nevertheless ask the Court to condition remand on the dismissal, *with prejudice*, of Plaintiff's federal claims. Defendants note that they incurred considerable expense in preparing their Motion to Dismiss, which they filed in this Court in response to Plaintiff's original Complaint—after removal, but prior to the filing of Plaintiff's Amended Complaint. Defendants at no time filed an answer to the original Complaint.

**II.**

Under Federal Rule of Civil Procedure 15(a)(1), a party may amend its pleading once "as a matter of course" within: (A) 21 days after serving it; or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1).

The propriety of the removal of a lawsuit from state to federal court is determined *as of the time of removal*. *See, e.g.*, *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939) (asserting that

---

[1] Section 1331 reads as follows: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

the validity of removal is "to be determined according to the plaintiffs' pleading at the time of the petition for removal"); *Merritt Boulevard, Inc. v. Dep't of Permits & Dev. Mgmt.*, 60 F. App'x 944, 945 (4th Cir. 2003) (asserting that a "court considers the complaint at the time of removal to determine if removal was appropriate in the first place"). If a claim "arising under" federal law existed at the time of removal, the federal court is not automatically stripped of jurisdiction merely because the federal claim is later dropped such that only state-law claims remain. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349-50 (1988); *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 474 n.6 (2007) ("It is true that, when a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction."). In other words, in a properly removed action, the post-removal elimination of all federal claims does not automatically deprive the federal court of the power to adjudicate any remaining pendent state claims. *See Bright v. Bechtel Petroleum, Inc.*, 780 F.2d 766, 771 (9th Cir. 1986) ("Dismissal of [a] federal claim does not deprive a federal court of the power to adjudicate the remaining pendent state claims.").

However, "pendent jurisdiction is a doctrine of discretion," *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966), and there is a distinction between the power to hear state-law claims and the discretionary exercise of that power. *Cohill*, 484 U.S. at 349-50. In deciding whether to exercise jurisdiction over pendent state-law claims, a district court should "consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity . . . ." *Cohill*, 484 U.S. at 350. Where all federal-law claims are eliminated before trial, the balance of these factors will generally point toward declining to exercise jurisdiction over the remaining state-law claims. *Id.* at 350 n.7.

**III.**

Because Plaintiff filed his Amended Complaint on July 8, 2010, less than two weeks after Defendants filed their Motion to Dismiss, Plaintiff's amended pleading was filed within the 21-day timeframe established by Rule 15(a)(1) and is, therefore, accepted "as a matter of course." The parties appear to agree on this point.

Plaintiff, however, is somewhat misguided in his assertion that the Court no longer has jurisdiction over this lawsuit because the Amended Complaint contains no federal claims. As noted *supra*, "when a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction." *Rockwell Int'l Corp.*, 549 U.S. at 474 n.6. Accordingly, the mere fact of the filing of Plaintiff's Amended Complaint, which no longer contains federal claims, does not compel the Court to grant Plaintiff's Motion to Remand or otherwise relinquish its exercise of jurisdiction over the lawsuit.

That said, however, where, as here, all federal-law claims are eliminated before trial, the balance of the values of judicial economy, convenience, fairness, and comity will generally point toward declining to exercise jurisdiction over the remaining state-law claims. *Cohill*, 484 U.S. at 350 & n.7.

With all these considerations in mind, the Court declines to exercise jurisdiction over Plaintiff's remaining state-law claims and will grant his Motion to Remand.[2] Because Plaintiff's

---

[2] Defendants note in their Response to Plaintiff's Motion to Remand that they incurred considerable expense in preparing their Motion to Dismiss. Although Defendants have not expressly asked the Court to award fees and costs associated with the preparation of their Motion to Dismiss, the Court finds it appropriate to note here that such an award would not be appropriate under the present circumstances. Although federal law permits a court ordering remand to award the costs and fees associated with removal under certain circumstances, *see* 28 U.S.C. § 1447(c), such an award would not be appropriate on the facts presented here, i.e., where removal was proper, the plaintiff legitimately amended his complaint "as a matter of course," and the party seeking the award is the party that elected to remove. *See Ramotnik v. Fisher*, 568 F. Supp. 2d 598, 600-02 (D. Md. 2008).

Amended Complaint has been accepted "as a matter of course" pursuant to Rule 15(a)(1), the Court is unable to grant Defendants' request to dismiss Plaintiff's federal-law claims with prejudice, as those claims are, in effect, no longer before the Court.[3]

**IV.**

For the foregoing reasons, Plaintiff's Motion to Remand [Paper No. 13] is **GRANTED**, and the case shall be **REMANDED** to the Circuit Court for Prince George's County, Maryland.

A separate Order will **ISSUE**.

                                                          /s/
                               **PETER J. MESSITTE**
                  **UNITED STATES DISTRICT JUDGE**

**October 25, 2010**

---

[3] Of course, the Court's decision to grant Plaintiff's Motion to Remand is predicated, in part, on the assumption that Plaintiff will not pursue federal claims in the Circuit Court for Prince George's County. Should he do so, and should this case be again removed to this Court by Defendants, Plaintiff could very well find himself subject to sanctions pursuant to Federal Rule of Civil Procedure 11.